OPINION
{¶ 1} This is an appeal from an order of the court of common pleas overruling objections to a magistrate's denial of motions for a new trial or for a judgment notwithstanding a jury's verdict.
 {¶ 2} The underlying litigation arose from dealings *Page 2 
between a furnace contractor, Southtown Heating Cooling, Inc. ("Southtown"), and a homeowner, Dianne Adkinson. Southtown abandoned its promised work to remove an existing furnace system from Adkinson's home in order to install a new furnace after Southtown encountered asbestos products in the existing system that Southtown is not licensed to remove. Adkinson then had another contractor complete the work, using a new furnace unit Southtown had left at the job site.
 {¶ 3} Adkinson commenced an action against Southtown on claims for relief alleging violations of the Consumer Sales Practices Act ("CSPA"), negligence, and other related causes. Her theory was that Southtown, as an experienced furnace contractor, should have known that Adkinson's existing system contained asbestos products that would prevent Southtown from performing as it had promised.
 {¶ 4} Southtown counterclaimed, alleging fraud. Southtown's theory was that Adkinson knew her existing furnace system likely contained asbestos products, and that she concealed her knowledge of that fact from Southtown, knowing that Southtown could not perform the work required.
 {¶ 5} Adkinson filed a jury demand with her complaint. By agreement of the parties, the case was referred to a magistrate to preside over the jury trial pursuant to *Page 3 
Civ. R. 53(C)(1)(c).
 {¶ 6} Southtown offered evidence at trial showing that after Southtown had told Adkinson that it was not licensed to remove asbestos products, another contractor told her that if a contractor lacking the required license performed the work, Adkinson could probably get a new furnace free of charge.
 {¶ 7} The jury returned verdicts for Southtown on all of Adkinson's claims for relief. The jury returned a verdict for Southtown in the amount of $2,512.52 on its fraud claim, an amount corresponding to the value of Southtown's furnace that Adkinson had installed by another contractor.
 {¶ 8} Adkinson filed a motion for judgment notwithstanding the verdict or, alternatively, for a new trial. (App. Case No. 22393, Dkt.161). After the magistrate filed a judgment on the jury's verdict (Dkt 168), the magistrate overruled both of Adkinson's alternative motions. (Dkt 170). Adkinson filed objections to the magistrate's decision denying her motions. (Dkt. 172).
 {¶ 9} The magistrate had erroneously endorsed the judgment he filed on the jury's verdicts as a final, appealable order, and because of that Adkinson filed an App. R. 3 notice of appeal to this court from the judgment the magistrate filed. We dismissed that appeal for lack of a final order. Adkinson *Page 4 v. Southtown Heating Cooling, Inc (Feb. 7, 2008), Montgomery App. No. 22393.
 {¶ 10} Following our dismissal, the trial court overruled Adkinson's objections to the magistrate's decision denying her alternative motions, and the court adopted the judgment on the jury's verdict the magistrate had filed. (Appeal No. 22668, Dkt 7). The trial court explained that it could not review the basis for those objections because Adkinson failed to file a transcript of the proceedings before the magistrate.
 {¶ 11} Adkinson filed a timely notice of appeal.
 {¶ 12} Adkinson's brief sets out seven assignments of error. She attacks several of the magistrate's evidentiary rulings, the verdicts the jury returned, the magistrate's denial of Adkinson's motion for directed verdict, and the court's denial of Adkinson's objections to the magistrate's decision denying her alternative motions for a judgment notwithstanding the verdict or for a new trial. Except for the last of those grounds, the error assigned was waived and not preserved for appeal because Adkinson failed to file objections to the magistrate's rulings and decisions in those other respects. Civ. R. 53(D)(3)(b)(iv).
 {¶ 13} With respect to the trial court's rulings on the objections Adkinson did file, concerning the magistrate's *Page 5 
denial of her alternative motions for judgment n.o.v. or for a new trial, we find no basis to reverse. Both Mont.Loc. R. 2.31VI.A.3. and Civ. R. 53(D)(3)(b)(iii) require a transcript supporting objections to a magistrate's decision, and Adkinson failed to satisfy that requirement. That failure prevented the trial court from ruling on the merits of the objections Adkinson filed. The court did not abuse its discretion when it overruled Adkinson's objections for that reason.
 {¶ 14} The assignments of error are overruled. The judgment of the trial court will be affirmed.
BROGAN, J. And FAIN, J., concur.
Copies mailed to:
Patrick K. Adkinson, Esq., Christopher B. Epley, Esq., Hon. Mary Lynn Wiseman. *Page 1